IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILCAC LIFE INSURANCE COMPANY,

    Plaintiff,

    v.

MARCIA A. THUERINGER, JOHN D. THUERINGER, AND KATE THORLACKSON,

    Defendants.

Case No. 6:23-cv-00789-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

In this interpleader action, the Court is asked to decide the beneficiary of a decedent's life insurance policy. The decedent's former spouse and his two children have filed cross-motions for summary judgment, and each ask the Court for declaratory orders awarding them the policy proceeds. After reviewing the motions and the record, the Court GRANTS John D. Thueringer and Kate M. Thorlackson's Motion for Summary Judgment (ECF No. 20) and DENIES Marcia A. Thueringer's Motion for Summary Judgment (ECF No. 22).

### BACKGROUND

On July 16, 1994, United Presidential Life Insurance Company issued a $450,000 life insurance policy (the "policy") to John M. Thueringer ("Thueringer"). Pl. Compl. ¶ 8; ECF No. 1.

1 – OPINION AND ORDER

Thueringer designated his wife, Marcia A. Thueringer ("Marcia"),[1] as the policy's primary beneficiary and his children, John D. Thueringer and Kate Thorlackson (collectively, "Thueringer's Children"), as equal contingent beneficiaries. Hicks Decl. Ex. 1, at 24, ECF No. 23.

At some time around 2014–2015, Thueringer began to show signs of Alzheimer's. Marcia Decl. ¶ 2, ECF No. 21. Thueringer and Marcia decided to file for divorce to reduce Marcia's financial liabilities. *Id.* The King County Superior Court in Washington State issued a divorce decree on June 8, 2015, and awarded Marcia all the marital property accumulated during the marriage. Hicks Decl. Ex. 1, at 27–30.

On May 18, 2016, Thueringer executed a Last Will and Testament (the "Will" or "Thueringer's Will") in Lynnwood, Washington. Hicks Decl. Ex. 1, at 32–37. As relevant here, the Will provides: "I devise and bequeath the residue of my estate to my ex-wife, MARCIA A. THUERINGER, if she survives me." Hicks Decl. ¶ 5; Ex. 1, at 33. Thueringer passed away on September 2, 2022. Marcia Mot. 2; ECF No. 22.

Under WASH. REV. CODE ("RCW") § 11.07.010, a divorce decree automatically revokes a former spouse's beneficiary designation in a life insurance policy.[2] The statute creates a legal

---

[1] Because John M. Thueringer, Marcia A. Thueringer, and John D. Thueringer share the same last name, the Court refers to Marcia by her first name, and John and Kate Thorlackson collectively as "Thueringer's Children." The Court does this to clarify the factual background and without any intent to disrespect the parties.

[2] All parties agree that Washington law controls. RCW § 11.07.010 governs nonprobate assets upon the dissolution of a marriage. As pertinent here, § 11.07.010 provides:
> If a marriage . . . is dissolved or invalidated, . . . a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse . . . is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse . . . failed to survive the decedent, having died at the time of entry of the decree of dissolution[.]

RCW § 11.07.010(2)(a). Payable-on-death provisions of a life insurance policy—such as the one contested in Thueringer's policy—are generally excluded from the definition of "nonprobate asset[s]" under § 11.02.005(13) and would pass "on the person's death under a written instrument or arrangement other than the person's will." However, Washington law includes payable-on-life provisions within the definition of "nonprobate asset[s]" in two circumstances: (1) when relating to revocation of a provision for a former spouse upon dissolution of marriage under § 11.07.010(5)(a), and (2) when assessing whether an asset fits within a limited class of nonprobate assets that can be disposed of by will under § 11.11.010. *See Manary v. Anderson*, 292 P.3d 96, 100 (Wash. 2013).

2 – OPINION AND ORDER

fiction whereby the former spouse pre-deceased the owner of the life insurance policy. However, this revocation does not apply if the divorce decree "expressly provides otherwise." RCW § 11.07.010(2)(b)(i). The parties agree that the divorce decree does not reference the policy, and that the decree revoked Marcia's designation as the policy's primary beneficiary. Pl. Compl. ¶¶ 15, 29.

Marcia and Thueringer's Children each claim they are entitled to the policy's proceeds as the lawful beneficiaries. Plaintiff Wilcac Life Insurance Company commenced this interpleader action to determine the rightful beneficiary of the policy.[3] After the Court discharged Plaintiff from this action, Marcia and Thueringer's Children filed cross-motions for summary judgment.

## LEGAL STANDARD

The Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

---

[3] Plaintiff Wilcac Life Insurance Company assumed the rights and obligations under Thueringer's life insurance policy through a series of mergers and acquisitions. Compl. 9.

## DISCUSSION

Marcia argues that she is entitled to the policy's benefits because Thueringer implicitly designated the policy to her as residue of his estate. In the alternative, Marcia argues the Court should award her the policy's benefits to comply with Thueringer's stated intentions. Thueringer's Children oppose Marcia's claims and argue that they, as the contingent beneficiaries under the policy, are entitled to its benefits.

When a federal court sitting in diversity jurisdiction is tasked with interpreting state law, it "must predict how the state's supreme court would resolve the issue." *Isabel v. Reagan*, 987 F.3d 1220, 1229 (9th Cir. 2021). In answering that question, the Court looks for guidance to decisions by intermediate appellate courts of the state and by courts in other jurisdictions. *Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1151 (9th Cir. 2016) (citation and quotation omitted).

### A. The Life Insurance Policy Does Not Pass Under Thueringer's Will

Marcia first argues that Thueringer sufficiently redesignated Marcia as the policy's primary beneficiary through the Will. "[A]n owner's interest in any nonprobate asset specifically referred to in the owner's will belongs to the testamentary beneficiary named to receive the nonprobate asset[.]" *Manary*, 292 P.3d at 96. § 11.11.020 does not explicitly define the phrase "specifically referred to" in its text, but a will "generally disposing of 'all of the owner's property' or making a 'general residuary gift' does not entitle the devisees or legatees to receive an owner's nonprobate assets. *Id*. (citing RCW § 11.11.020(2)). Therefore, a testator who bequeaths the "rest, residue, and remainder of his estate" to a testamentary beneficiary has not changed the beneficiary designations of his nonprobate assets. *Id*. (quoting *In re Est. of Furst*, 55 P.3d 664, 665 (Wash. Ct. App. 2002)) (cleaned-up).

Marcia argues that Thueringer, through his Will, left her his life insurance policy—the "only real asset he had" when he died. Marcia Decl. ¶ 4. The question for the Court is whether Thueringer's Will "specifically referred to" the policy. After reviewing the Will, the only section which could potentially encompass the policy is the 'Residue' section, which provides: "I devise and bequeath *the residue of my estate* to my ex-wife[.]" Hicks Decl. ¶ 5; Ex. 1, at 33 (emphasis added). The Washington Supreme Court in *Manary* has already concluded that this type of general residue language fails to specifically refer to any asset and does not comply with RCW § 11.11.02's procedural requirements. Although Thueringer disposed his estate to Marcia in his Will, the Will does not govern the disposition of the policy.

### B. Thueringer's Intent is Insufficient to Designate Marcia as the Primary Beneficiary

Marcia further argues that it was Thueringer's intent for Marcia to be the beneficiary of his life insurance policy. To this end, Marcia points to the dissolution decree under which she retained all the marital assets from her marriage, and her continued residence with and care for Thueringer following their divorce. Under Washington law, intent must be determined from the four corners of the will. *Est. of Burks v. Kidd*, 100 P.3d 328, 331 (Wash. Ct. App. 2004). Extrinsic evidence may only be examined to determine the meaning of specific words in a will, but cannot "show an intention independent of the instrument" or "vary, contradict or modify the written word." *Hollis v. Garwall, Inc.*, 974 P.2d 836, 843 (Wash. 1999).

The Court does not find any ambiguity within the Will that would justify the introduction of extrinsic evidence. As such, the Court must only look at the language of the Will to discern Thueringer's intent. While it may true that Thueringer meant for Marcia to benefit from his policy, the Court's decision in this case is bound by the intentions of the Washington legislature and the decisions of Washington's courts.

A court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent. *Lake v. Woodcreek Homeowners Ass'n*, 243 P.3d 1283, 1288 (Wash. 2010) (quotation and citation omitted). Just as the legislature intended for the beneficiary status of a former spouse to be automatically revoked once a dissolution decree was entered, *see Mearns v. Scharbach*, 12 P.3d 1048, 1053, the legislature intentionally laid out the procedure to dispose a life insurance policy through a will. *See Manary*, 292 P.3d at 103–05; *see also Est. of Furst*, 55 P.3d at 667–68.

Thueringer both failed to redesignate Marcia as the policy's primary beneficiary and failed to specifically refer to the policy in his Will. Had he taken either action, Marcia would be the lawful beneficiary to the policy's proceeds. Instead, under RCW 11.11.020, the payable-on-death provision of the policy did not pass through the Will and must be awarded to the policy's lawful beneficiaries. *See* RCW 48.18.410. Because Thueringer never designated anyone as the policy's primary beneficiary, the contingent beneficiaries are the policy's lawful beneficiaries. As such, Thueringer's Children are entitled to the policy's benefits.

## CONCLUSION

For the reasons stated above, John D. Thueringer and Kate M. Thorlackson's Motion for Summary Judgment is **GRANTED**. Marcia A. Thueringer's Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

DATED this 27th day of December, 2023.

          ___s/Michael J. McShane_____
          **Michael J. McShane**
          **United States District Judge**